LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs,,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELIZABETH RODRIGUEZ and JOHN DOE,
on behalf of themselves and
FLSA Collective Plaintiffs,

          Plaintiffs,

      v.

CASTLE CHECK CASHING CORP.,
GEORGE CARBALLO,
and JASON CARBALLO,

          Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, ELIZABETH RODRIGUEZ and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, CASTLE CHECK CASHING CORP., GEORGE CARBALLO and JASON CARBALLO (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime premium, (2) unpaid wages due to time-shaving,  (3) liquidated damages and (4) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff, ELIZABETH RODRIGUEZ (formerly known as "Maria Cabo"), is a resident of Bronx County, New York.

6.    Defendant, CASTLE CHECK CASHING CORP., is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and a corporate headquarters located at 4186 Broadway, New York, NY 10033.

7.    Individual Defendant, GEORGE CARBALLO, is a principal officer and an owner of CASTLE CHECK CASHING CORP..

8.    Individual Defendant, JASON CARBALLO, is a principal officer and an owner of CASTLE CHECK CASHING CORP.

9.  Defendants operate a check cashing business under the common trade name "Castle Check Cashing" comprising of the following seven (7) locations:

    a.    4186 Broadway, New York, NY 10033

    b.    4764 Broadway, New York, NY 10034

    c.    1221 Saint Nicholas Avenue, New York, NY 10032

    d.    3776 Broadway New York, NY 10032

    e.    5824 Broadway, Bronx, NY 10463

    f.    689 Morris Park Avenue, Bronx, NY 10462

    g.    1753 Crosby Avenue, Bronx, NY 10461

(collectively, "Castle Check Cashing"). Each of the above-listed locations operated by Defendants under the trade name Castle Check Cashing performed services including but not limited to: check cashing, commercial check cashing, money orders, money transfer, pre-paid debit cards, utility bill payments, long distance phone card sales, wireless phone card sales, and metro card sales.

10. Defendants operate the Castle Check Cashing business as a single integrated enterprise. Specifically, all Castle Check Cashing locations are owned by Defendants, all locations share a common logo, pricing scheme, marketing, offer similar services, share a common look and feel, and are advertised together as a common enterprise on Defendants' website (https://www.castlecheckcashing.net). Defendant Jason Carballo has testified in a public proceeding before the New York State Department of Financial Services that Defendants operate the seven locations that collectively comprise the Castle Check Cashing business. *See* http://www.dfs.ny.gov/banking/bddnytfscny.pdf.

11. Further, employees were interchangeable among the Castle Check Cashing locations. All employees were required to complete three weeks of training at the start of their employment working at Defendants' corporate headquarters located at 4186 Broadway, New York, NY 10033. Employees of Defendants were freely interchangeable as needed. During the course of her employment with Defendants, Plaintiff ELIZABETH RODRIGUEZ worked at the following Castle Check Cashing locations: 5824 Broadway, Bronx, NY 10463; 4186 Broadway, New York, NY 10033; and 4763 Broadway, New York, NY 10034.

12. Individual Defendant, GEORGE CARBALLO is an owner and operator of the "Castle Check Cashing" business. GEORGE CARBALLO had control over the terms and conditions of Plaintiffs' employment, and those of similarly situated employees. Specifically, with respect to Plaintiffs and other similarly situated employees, Individual Defendants maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. Moreover, GEORGE CARBALLO exercised functional control over the business operations and financial operations of the Corporate Defendants.

13. Individual Defendant, JASON CARBALLO is an owner and operator of the "Castle Check Cashing" business. JASON CARBALLO had control over the terms and conditions of Plaintiffs' employment, and those of similarly situated employees. Specifically, with respect to Plaintiffs and other similarly situated employees, Individual Defendants maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members.  Moreover, JASON

CARBALLO exercised functional control over the business operations and financial operations of the Corporate Defendants.

14. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees of Castle Check Cashing, (including, but not limited to cashiers, money counters, shift managers, tellers, and customer service associates) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages owed. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees of Castle Check Cashing, (including, but not limited to cashiers, money counters, shift managers, tellers, and customer service associates) on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21. All said persons, are referred to herein as the "New York Class Members." The class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

22. The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

23. Plaintiffs' claims are typical of those claims, which could be alleged by any member

of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay for all hours worked due to a policy of time-shaving, (iii) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

e) Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked, due to a policy of time-shaving;

f) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

28. On or about October 1, 2014, Plaintiff ELIZABETH RODRIGUEZ, was hired by Defendants to work as a teller for Castle Cash Checking. ELIZABETH RODRIGUEZ worked for Defendants until on or about July 11, 2017.

29. From October 1, 2014 until November 2014, Plaintiff RODRIGUEZ was trained by Defendants at the Castle Check Cashing location at 4186 Broadway, New York, NY, 10033. From November 2014 until the conclusion of her employment, Plaintiff RODRIGUEZ worked at the Castle Check Cashing locations at 5824 Broadway, Bronx, NY 10463, 4186 Broadway, New

York, NY 10033, and 4763 Broadway, New York, NY 10034. Plaintiff was required by Defendants to work at each of the three above-listed locations on an as-needed basis.

30. While employed by Defendants, Plaintiff RODRIGUEZ regularly worked 8-10 hours per day, 5 days per week, for a total of approximately 40-50 hours per week. FLSA Collective Plaintiffs and Class Members worked hours similar to Plaintiff's.

31. From the start of her employment on approximately October 1, 2014 until approximately March 1, 2016, Plaintiff RODRIGUEZ was compensated at a base hourly rate of $9.00 per hour. Then, from approximately March 1, 2016 until January 2017, Plaintiff RODRIGUEZ was compensated at a base hourly rate of $10.00. From approximately January 2017 until July 11, 2017 (when Plaintiff's employment ended), Plaintiff was compensated at a base hourly rate of $11.50.

32. Throughout her employment by Defendants, Plaintiff RODRIGUEZ was not compensated for regular and overtime hours that she worked each workweek, due to a commonly applicable policy of time shaving. Specifically, Defendants subjected Plaintiff to the following illegal practices, which were also applicable to FLSA Collective Plaintiffs and Class Members:

a) Plaintiff RODRIGUEZ was required to clock out each day for a 30 minute lunch break, but was required to work off-the-clock through such lunch breaks approximately 4 days per week. If Plaintiff RODRIGUEZ did not clock out for lunch on any given day, Defendants would automatically deduct 30 minutes worth of compensation from her weekly paycheck.

b) Defendants also assessed an additional 15-minute deduction from Plaintiff RODRIGUEZ's compensation daily based on a purported daily break, even though Plaintiff did not take any 15-minute breaks.

c) Defendants would time shave approximately 5 hours from one of Plaintiff RODRIGUEZ's pay checks each month. When Plaintiff RODRIGUEZ would complain that her paycheck was inaccurate and reflected less time than she actually worked, Defendants would promise to pay Plaintiff RODRIGUEZ for the missing hours on the next paycheck, but never did so.

Due to the aforementioned practices, Plaintiff RODRIGUEZ was deprived of compensation to which she was entitled, due to time shaving of approximately 5-7 regular and overtime hours each workweek. FLSA Collective Plaintiffs and Class Members were subjected to the same commonly applicable policies of time shaving described above, and consequently were deprived of compensation for at least 5 overtime and regular hours each week to which they were entitled.

33. Defendants never provided Plaintiff RODRIGUEZ or Class Members with written wage and hour notices as required under the NYLL. Plaintiff RODGRIGUEZ and Class Members did not receive wage and hour notices at the start of their employment, annually, or upon changes in pay rate thereafter.

34. Defendants provided Plaintiff RODRIGUEZ and Class Members with defective wage statements in violation of NYLL at all times. The wage statements provided to Plaintiff RODRIGUEZ and Class Members did not accurately state the regular or overtime hours that employees actually worked, because of Defendants' time shaving of regular and overtime hours.

35. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law, due to time shaving.

36. Defendants knowingly and willfully subjected Plaintiffs, FLSA Collective Plaintiffs to time-shaving of regular and overtime hours in violation of both the FLSA and the New York Labor Law.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs, FLSA Collective Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

39. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant, CASTLE CHECK CASHING CORP., had gross revenues in excess of $500,000.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, FLSA Collective Plaintiffs and the Class for their hours worked in excess of forty hours per workweek.

45. At all relevant times, the Defendants had a policy and practice of time-shaving, refusing to pay wages to Plaintiffs, FLSA Collective Plaintiffs and Class members for their hours worked.

46. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and Class members of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, FLSA Collective Plaintiffs and Class members are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs, FLSA Collective Plaintiffs and the Class suffered damages in an amount not presently ascertainable of unpaid overtime compensation, unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

49. Records, if any, concerning the number of hours worked by Plaintiffs, FLSA Collective Plaintiffs and Class members and the actual compensation paid to Plaintiffs, FLSA Collective Plaintiffs and Class members are in the possession and custody of the Defendants. Plaintiffs, FLSA Collective Plaintiffs and Class members intend to obtain these records by

appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, FLSA Collective Plaintiffs and the Class at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

53. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

54. Plaintiffs reallege and reaver Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

56. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants willfully violated Plaintiffs' rights by failing to pay all wages due to a policy of time-shaving.

58. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

59. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

60. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid wages due to a policy of time-shaving, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages caused by a policy of time-shaving, in violation of the FLSA and the New York Labor Law;

15

e.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, all due wages  pursuant to the New York Labor Law;

g.     An award of statutory penalties, and prejudgment and postjudgment interest;

h.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i.     Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

j.     Designation of this action as a class action pursuant to F.R.C.P. 23;

k.     Designation of Plaintiffs as Representative of the Class; and

l.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on

all issues so triable as of right by jury.

Dated: December 20, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: /s/ *C.K. Lee*_____
       C.K. Lee, Esq. (CL 4086)