

**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY  11747


William H. Ng
631.247.4707 direct
631.247.4700 main
631.918.7068 fax
wng@littler.com

April 23, 2018


**VIA ECF**


The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Elizabeth Rodriguez v. Castle Check Cashing Corp., et al.
        <u>U.S. District Court, S.D.N.Y., Civil Docket No. 17-CV-9930 (GHW)</u>

Dear Judge Woods:

This firm represents Defendants in the above-referenced action.  We respectfully submit this letter, jointly with counsel for Plaintiff, in accordance with Fed. R. Civ. P. 26 and the Court's Order dated April 17, 2018, in advance of the Initial Conference scheduled for April 30, 2018 at 1:00 P.M.

1. **Brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

<u>Plaintiff</u>:

This case is a class and collective action seeking recovery of unpaid wages and other damages due under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants own and operate seven check cashing stores under the shared trade name "Castle Check Cashing" located in Manhattan and the Bronx.

Plaintiff worked as a teller by Defendants at three of the Castle Check Cashing Stores. Throughout her employment at Castle Check Cashing, Plaintiff was deprived of regular and overtime compensation due to Defendants' unlawful time-shaving policies. Specifically, Defendants (1) required Plaintiff to clock out for an uncompensated 30 minute long "lunch break" each day,  even though she actually was required to work throughout such purported "lunch break", (2) assessed a 15-minute deduction from Plaintiff's compensable hours each day based on a 15 minute break, even though no such breaks were ever permitted, (3) time shaved approximately 5 hours from one of Plaintiff's pay checks each month, and (4) unlawfully rounded Plaintiff's hours worked down the nearest quarter-hour for compensation purposes each workday. Like Plaintiff, other non-exempt employees at the Castle Check Cashing stores

U.S. District Judge Gregory H. Woods
April 23, 2018
Page 2

suffered unpaid regular and overtime hours as a result of the above-described time shaving policies. Plaintiff was also not provided wage and hour notices and wage statements in compliance with the requirements of the NYLL.

Questions of class and collective certification are at the heart of this litigation. Plaintiff fully intends to pursue their class and collective action claims, and is very confident that she will achieve class and collective certification of this action (and that she will ultimately prevail on the merits).

Defendants:

Defendants deny all allegations of wrongdoing, including Plaintiff's claims that she was deprived of compensation, pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for all regular and overtime hours due to Defendants' purported time-shaving or automatic time deduction policies.  Contrary to her claims, Castle Check Cashing Corp. ("Castle Check"), Plaintiff's employer, properly paid Plaintiff, a non-exempt head teller, at or above the minimum wage.  In addition, throughout her employment, Plaintiff punched in and out at the start and end of her shifts and for daily meal breaks. Castle Check kept and maintained accurate records of Plaintiff's hours worked, based off her own contemporaneous time entries, and properly compensated her at her overtime premium rate when she worked more than 40 hours in a workweek.

Defendants' principal defenses include, but are not limited to the following: Plaintiff fails to state a claim upon which relief can be granted because he cannot establish either any violation under the FLSA or NYLL; the individual defendants are not proper defendants in this action because they were not Plaintiff's "employer" within the scope of the FLSA or NYLL; Defendants made complete and timely payments to Plaintiff under the FLSA or NYLL; and Defendants provided Plaintiff with adequate notice of wage statements and pay stubs pursuant to the NYLL. Defendants contend these defenses apply to Plaintiff and any and all other individuals that may be similarly situated to her.  Defendants intend to file a fully or partially dispositive motion for summary judgment pursuant to Fed. R. Civ. P. 56 at the conclusion of discovery.

**2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence of absence of subject matter jurisdiction.**

This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  See 28 U.S.C. § 1331 [Federal Questions] and 29 U.S.C. § 2617 [Enforcement].  The Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

U.S. District Judge Gregory H. Woods
April 23, 2018
Page 3

**3. A brief description of any (i) motions that any party seeks or intends to file, including principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;**

(i)       Plaintiff:

Plaintiff intends to move for (a) conditional collective certification under the FLSA, (b) class certification under Fed. R. Civ. P. 23, and (c) summary judgment.

With respect to her anticipated collective certification motion, Plaintiff will submit a sworn declaration attesting that she and similarly situated putative opt-in claimants suffered due Defendants' commonly-applicable, unlawful policies. This contemplated showing is sufficient to meet the minimal threshold for conditional collective certification. Defendants' contentions in opposition to conditional collective certification boil down to merits-level factual disagreements that are wholly inappropriate for judicial resolution at this preliminary stage. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) ("At this procedural state, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. … Thus, any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification.").

As such, the discovery requested by Defendants is not necessary for Defendants to oppose Plaintiffs' anticipated motion. Moreover, Defendants are not entitled to such discovery, as they have refused to provide any preliminary discovery with respect to Plaintiff, for settlement purposes or for any other purpose. Plaintiff has provided copies of all documents presently in her possession to Defendants.

Discovery obligations are reciprocal. Should the Court permit Defendants to conduct the additional discovery that they seek at this preliminary stage for the purpose of opposing conditional collective certification, Plaintiff should be allowed to contemporaneously obtain discovery from Defendants with respect to her class and collective claims. Such discovery should specifically include production of records relevant to Plaintiff's class and collective claims (including payroll records, time records, wage and hour notices, and wage statements for employees in all non-exempt positions at each of Defendants' check cashing stores).

Defendants:

As set forth more fully in Defendants' April 18, 2018 response letter (Dkt. 29) to Plaintiff's April 16, 2018 pre-motion letter requesting permission to file a motion for conditional certification, Defendants oppose Plaintiff's motion on the grounds that discovery is required to determine the scope of the collective action.  Defendants have not had the benefit of taking any discovery which would be necessary to mount an opposition to the contemplated motion.  The determination of whether this case is suitable for issuance of a court-assisted notice (and whether any alleged violations of laws are truly common to the class) will inevitably involve a

U.S. District Judge Gregory H. Woods
April 23, 2018
Page 4

fact-specific inquiry.  Without discovery, the Court will not be provided with a full and fair record.

To the extent that Plaintiff is permitted to file her motion, Defendants will oppose the motion on the grounds that she will not be able to make a "modest factual showing" that is sufficient to demonstrate that plaintiff and potential class members were victims of a common scheme or plan that violated the law.  Plaintiff, who was employed by Castle Check in the head teller position, seeks to conditionally certify a much broader collective consisting of "all non-exempt employees" employed by Defendants.   Plaintiff, however, makes no showing and does not even allege that she is similarly situated to all of Castle Check's non-exempt employees, in varying job position, with varying responsibilities, across multiple locations.  Plaintiff also does not identify the other non-exempt positions.   Because of these expected factual and legal differences, Plaintiff is not similarly situated to these collective she seeks to represents and she should not be permitted to make her contemplated motion.  Subject to any information learned during discovery, Defendants intend to move for summary judgment dismissing, in whole or in part, the claims asserted in the Complaint.

(ii)    There are no pending motions at this time. The initial conference will serve as the pre-motion conference for Plaintiff's anticipated motion for conditional collective certification under the FLSA.

(iii)    At this time, no other applications are expected to be made at the status conference.

4. **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));**

None at this time.  The parties intend to complete discovery as set forth in the Court's Case Management Plan and Scheduling Order.

5. **A computation of each category of damages claimed, see Fed. R. Civ. P 26(a)(1)(A)(iii);**

Plaintiff has provided Defendants with a preliminary calculation of class-wide liability for purposes of settlement. This liability analysis will be available for the Court to review during the initial conference.

U.S. District Judge Gregory H. Woods
April 23, 2018
Page 5

### 6.  A statement describing the status of any settlement discussion and whether the parties would like a settlement conference; and

Plaintiff

The parties will continue discussing the possibility of settlement as the matter proceeds. Plaintiff believes a settlement conference at this time is premature, given the outstanding class issues.

Defendants

On April 12, 2018, the parties participated in a mediation through the Southern District of New York's Mediation Program for cases that include claims under the Fair Labor Standards Act.  Mr. Jason Carballo, an individually named defendant and a representative for corporate Defendant, attended the mediation along with the undersigned counsel.  While Plaintiff's counsel attended the mediation, Plaintiff Elizabeth Rodriguez did not attend the mediation.  The parties were unable to reach a resolution at mediation.

The parties have engaged in preliminary settlement discussions. The parties intend to further explore the topic of settlement as the litigation proceeds.  Defendants would welcome an early settlement conference, attended by the parties, with the Court.

### 7.  Any other information the parties believe may assist the Court in resolving the action.

Not at this time.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ William H. Ng

William H. Ng

cc:      Counsel for Plaintiff (via ECF)