

**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY 11747

August 15, 2018

William H. Ng
631.247.4707 direct
631.247.4700 main
631.850.5363 fax
WNg@littler.com

**VIA ECF**

Honorable Gregory H. Woods
United States District Judge, S.D.N.Y.
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Elizabeth Rodriguez v. Castle Check Cashing Corp., et al.*
            U.S. District Court, S.D.N.Y., Civil Docket No. 17-CV-9930 (GHW)

Dear Judge Woods:

        This firm represents Castle Check Cashing Corp. ("Castle Check" or "the Company"), George Carballo, and Jason Carballo (the individual Defendants collectively referred to with Castle Check as "Defendants") in the above-referenced action. We write in response to Plaintiff's letter dated August 15, 2018 (DKT 65).[1] As Your Honor is aware, on August 6, 2018, a teleconference was held wherein the Court heard the parties' respective positions regarding their dispute concerning the production of class-wide discovery. The Court ruled, in part, that Defendants must produce to Plaintiff certain "wage-and-hour documents" regarding the putative class of approximately 100-150 current and former tellers. Specifically, the Court directed Defendants to produce to Plaintiff computerized time-and-pay records (*i.e.*, daily time records and payroll records kept in electronic format) for the putative class.[2] The Court did not set a deadline for Defendants' production of the foregoing documents, instead leaving it to the parties.

        Following the August 6, 2018 teleconference, the undersigned counsel spoke with Plaintiff's Counsel Taimur Alamgir on the same day (August 6th) to let him know that we would speak with Mr. Jason Carballo, the Company's President, to obtain an estimated date for production. Plaintiff's Counsel called the undersigned on Wednesday, August 8, 2018 – not August 9th – and Defendants informed Plaintiff that their production of the foregoing documents

---

[1]    Plaintiff did not adhere to Rule 2.C.ii. of Your Honor's Individual Rules of Practice in Civil Cases, which requires parties to submit a "jointly composed letter describing their discovery dispute(s)" prior to seeking judicial intervention regarding discovery matters.

[2]    Contrary to Plaintiff's assertion, the Court did not direct Defendants to produce to Plaintiff "wage statements" for the putative class. Instead, the Court acknowledged the difficulty of retrieving, gathering and scanning these hardcopy documents found in personnel files, and limited its ruling to the production of electronically-maintained time-and-pay records (*i.e.*, electronic "time punch" records and payroll journals).

Honorable Gregory H. Woods
August 15, 2018
Page 2

would take several weeks and Defendants would confirm a date certain when feasible. Mr. Alamgir personally accepted and acknowledged that Defendants' production would occur after Labor Day (September 3rd). Thus, Plaintiff's Counsel's current request to create a "control date" of August 24, 2018 is completely disingenuous.

As explained by the undersigned during the August 8, 2018 teleconference, and as acknowledged by Your Honor, the production of time-and-pay records for nearly 100-150 current and former tellers is a voluminous undertaking, and Castle Check does not have a Human Resources department to carry out this task. Instead, Mr. Carballo will be undertaking the task himself and is already in the process of working with Company's payroll provider to obtain necessary time-and-payroll records for current and former tellers during the relevant six year statutory period. Moreover, as approved by Your Honor during the teleconference, Defendants may redact certain confidential information (*e.g.*, contact information and social security numbers) for members of the putative collective prior to producing documents to Plaintiff's Counsel. For the foregoing reasons, the undersigned counsel explained during the August 8, 2018 teleconference that the production of class-wide discovery documents would take several weeks, which Your Honor acknowledged.

Despite the foregoing, Plaintiff's counsel has requested the Court set a "control date" of August 24, 2018 (18 days from the August 6, 2018 teleconference) for Defendants to produce wage-and-hour documents for nearly 100-150 current and former tellers. As the undersigned counsel explained to opposing counsel on August 8, it is unreasonable to request the production of voluminous documentation within such a short timeframe, and the production of these documents will be after Labor Day.[3] Rather than wait for the undersigned counsel to confirm a date certain in early-to-mid September when documents will be produced, Plaintiff's counsel has unreasonably and unnecessarily sought judicial intervention, thereby seeking to impose an unreasonable deadline on Defendants to produce voluminous documentation.[4] The Court should thus reject Plaintiff's application as unnecessary, wasteful and premature. Defendants will work diligently to produce the records as soon as practicable and will propose an initial production date of September 15, 2018 (which is 30 days from today). Defendants appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ William H. Ng*

William H. Ng

cc:   All counsel of record (via ECF)

---

[3]   Defendants note that the time provided under the Federal Rules of Civil Procedure to respond to requests for the production of documents, 30 days, is substantially longer than what Plaintiff has proposed in her letter. *See* F.R.C.P. 34(b)(2)(A).

[4]   Plaintiff could have, of course, adhered to Your Honor's Individual Rules of Practice in Civil Cases and proposed to the undersigned counsel a joint letter to Your Honor regarding the instant discovery dispute, but chose not to.