# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:       212-465-1124
                       taimur@leelitigation.com

November 17, 2018

**Via ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Rodriguez v. Castle Check Cashing Corp., et al.*
                Case No. 17 CV 9930 (GHW)

Dear Judge Woods:

      We represent Plaintiff in the above referenced action.

      This letter is respectfully submitted to bring to the Court's attention two recent decisions[1] in wage-and-hour cases by other courts in the Southern District. As explained below, both rulings counsel in favor of granting Plaintiff's pending[2] application for an *enterprise-wide* conditional collective certification pursuant to 29 U.S.C. § 216(b), covering non-exempt employees (including, but not limited to tellers and head tellers) of all 7 of Defendants' "Castle Check Cashing" stores.

      In *Estrada v. Kingsbridge Marketplace Corp.*, No. 17 CV 9890 (NSR) (LMS) (S.D.N.Y.), Magistrate Judge Smith certified a broad conditional collective action of non-exempt personnel on an enterprise-wide basis across two supermarket locations. *See* **EXHIBIT A**, *Estrada* Order dated October 16, 2018. In finding that the *Estrada* Defendants' supermarkets constituted a "single integrated enterprise" (for conditional collective certification purposes), Magistrate Judge Smith relied upon evidence (including sworn declaration testimony and other documents) substantially similar to the evidence that Plaintiff Rodriguez submitted here. *See Id.*, pp. 25-28. Pertinently, Magistrate Judge Smith also declined to credit a self-serving declaration submitted by the *Estrada* defendants in opposition to the plaintiffs' motion that closely resembled the declarations submitted as part of Castle Check Cashing's opposition papers. *See Id.*, pp. 28-29.

      Likewise, in *Leonardo v. ASC, Inc.*, No. 18 CV 3657 (VEC) (S.D.N.Y.), relying heavily on a plaintiff declaration that (in our view) was significantly less specific and compelling than the detailed supporting declaration filed in this case by Plaintiff Rodriguez, Judge Caproni granted conditional collective certification for employees in several positions across three restaurants. *See*

---

[1] Plaintiff's counsel here also represents the plaintiffs in the two cases referenced.

[2] The briefing for Plaintiff's conditional collective certification motion was completed on July 9, 2018, prior to the issuance of either of the two decisions referenced herein. *See* Dkt Nos. 35-37 (Plaintiff's motion papers), 41-46 (Defendants' opposition papers), and 53 (Plaintiff's reply papers).

**EXHIBIT B**, *Leonardo* Order dated November 14, 2018. Even though the *Leonardo* plaintiff was primarily required to work at only one of the restaurants operated by the defendants, Judge Caproni defined the collective to encompass employees of two of the other restaurants (as well as the restaurant that the plaintiff was primarily employed at), on the theory that the three restaurants "acted as a single integrated enterprise". *See Id*., pp. 4-6.

We respectfully request that the Court follow the well-reasoned *Estrada* and *Leonardo* decisions and grant conditional collective certification with respect to employees at all 7 of Defendants' "Castle Check Cashing" stores.

Respectfully submitted,

*/s/ Taimur Alamgir*
Taimur Alamgir, Esq.

cc:     Defendants via ECF