UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/19
```

ELIZABETH RODRIGUEZ,

      Plaintiff,

-against-

CASTLE CHECK CASHING CORP., et al.,

      Defendants.

17-CV-9930 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff's motion (Dkt. No. 92) seeking an order (1) granting preliminary approval of a Settlement Agreement and Release in this wage and hour action; (2) conditionally certifying a proposed class and collective action for settlement purposes; (3) appointing Lee Litigation Group, PLLC as class counsel; (4) appointing Arden Claims Service as claims administrator; and (5) approving plaintiff's proposed Notice of Class Action Settlement.

    The Court observes that plaintiff's accompanying memorandum of law (Dkt. No. 93) contains almost no discussion of the *facts* of this action as to either the named plaintiff or as to the putative class, and is unsupported by any evidentiary showing. Thus, plaintiff's discussion of *Grinnell* factors 4 and 5 (the risks of establishing liability and damages) is generic to the point of meaninglessness. Pl. Mem. at 12-13.[1] Similarly, plaintiff's analysis of *Grinnell* factors 8 and 9 (the range of reasonableness of the settlement fund), Pl. Mem. at 14, lacks any discussion of the merits of plaintiffs' claims or the damages to which they would be entitled if they prevailed. The Court notes that the average recovery to each member of the putative class under the proposed settlement would appear to be in the range of $1,000. Given the modest nature of the expected recovery, the lack of any discussion concerning defendants' ability to pay may also be a matter of concern.

---

[1] Courts in this Circuit consider the nine factors identified in *Grinnell* relevant to the determination of whether preliminary approval of a class settlement is warranted. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *Fraticelli v. MSG Holdings, L.P.*, 2015 WL 8491038, at *5 (S.D.N.Y. Dec. 10, 2015) (considering the *Grinnell* factors in a wage and hour case and "denying preliminary approval of the settlement and conditional certification of the Rule 23 class and FLSA collective," without prejudice). Because this action includes claims under the Fair Labor Standards Act, the Court must also consider whether the proposed settlement is likely to pass muster under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See Siddiky v. Union Square Hosp. Grp., LLC*, 2017 WL 2198158, at *3 (S.D.N.Y. May 17, 2017) ("a judicial determination that a settlement is fair and reasonable is required in any FLSA case, whether brought on a class or individual basis").

In this District, similar deficiencies have resulted in the denial of preliminary certification and settlement approval motions, even where unopposed. *See, e.g., Fraticelli*, 2015 WL 8491038, at *7 ("Plaintiffs have not made a sufficient showing concerning these factors and offer only conclusory and unsupported statements to demonstrate that the settlement is reasonable."); *Oladapo v. Smart One Energy, LLC*, 2017 WL 5956907, at *1 (S.D.N.Y. Nov. 9, 2017) (Moses, M.J.) (recommending that a preliminary class certification and settlement approval motion be denied, without prejudice to renewal upon the presentation of facts from which the Court could determine that a class should be certified and that the terms of the settlement were fair, reasonable, and adequate), *report and recommendation adopted*, 2017 WL 5956770 (S.D.N.Y. Nov. 30, 2017).

In light of the issues summarized above, it is hereby ORDERED that plaintiff may, at her option, withdraw her motion for preliminary approval, without prejudice to refiling a renewed motion **no later than May 31, 2019**. If plaintiff has not withdrawn and refiled her motion by that date, the Court will address the motion, in its current form, in due course.

Dated: New York, New York
       May 17, 2019
                                  SO ORDERED.

                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**