# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:      212-465-1188
                      cklee@leelitigation.com

January 28, 2020

**<u>Via ECF</u>**
The Honorable Barbara C. Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

           Re:    *Rodriguez, et al. v. Castle Check Cashing Corp., et al.*
                   <u>Case No.: 17-cv-09930</u>

Dear Judge Moses:

      We are counsel to Plaintiff in the above-referenced action and write jointly with counsel to Defendants. Pursuant to Your Honor's instruction during the fairness hearing on January 22, 2020, we hereby provide Your Honor with the following:

1. Class Counsel's detailed time records and list of expenses have been uploaded to ECF (Docket No. 126).

2. Please find attached as **Exhibit A** a clean version and a blackline version (to show changes) of the revised Proposed Order.  A clean copy of the revised Proposed Order has been simultaneously emailed to Chambers.

3. During the fairness hearing, Your Honor inquired as to whether the 177th Class Member, Mr. Jose Rodriguez, received the Class Notice which was provided to other class members. We have since confirmed with the settlement administrator, Arden Claims Service ("Arden"), that Mr. Rodriguez was provided with the Class Notice. Angela Ferrante of Arden verified that, after receiving email confirmation by Defendants' counsel that that Mr. Rodriguez should be included as a class member, Arden mailed a full Notice packet to Mr. Rodriguez's provided address.  Arden further confirms the mail was not returned as undeliverable.  In addition, Arden confirms Mr. Rodriguez was also provided with the Supplemental Notice, which was mailed to all 177 Class Members on December 20, 2019.

4. Lastly, to further emphasize the litigation risks of this case, even assuming the Plaintiff, Ms. Rodriguez, could satisfy her evidentiary threshold and prove she worked through meal and/or break periods, despite Castle Check's alleged policies prohibiting the same, such claims might not be certifiable.  Multiple courts, including a federal appellate court, have held that such claims are not appropriate for class certification. *See Rening v. RBS Citizens, N.A.*, 912 F.3d 115, 129 (3d Cir. 2018) (affirming order

denying class certification and holding individualized inquiries would be necessary); *see also Gibbs w. TWC Admin., LLC*, No. 1:17-CV-1513 DMS (AGS), 2020 U.S. Dist. LEXIS 935 (S.D. Ca. 2020) (denying class certification).  Indeed, in *Perez v. Wells Fargo & Co.*, a federal district court held that it was questionable as to whether breaks of less than 20 minutes are even compensable under the New York Labor Law, but that regardless, such claims are not certifiable on a class-wide basis.  2016 U.S. Dist. LEXIS 104385, *31-*32 ("Plainly, in order to determine whether breaks of 20 minutes or less are compensable, the court would be required to scrutinize every break of every putative class member to determine the circumstances under which the short breaks were taken."). In view of the foregoing, and for the reasons stated in the Plaintiff's final approval motion and on the record at the fairness hearing, the parties believe the settlement should be approved.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.
Encl.

cc:   All parties via ECF