IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH RODRIGUEZ, *on behalf of herself, FLSA Collective Plaintiffs and the Class*,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE CHECK CASHING CORP., GEORGE CARBALLO and JASON CARBALLO,<br><br>Defendants. | No. 17-CV-9930 (BCM)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 2/14/20 |

**ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a settlement totaling $300,000 on May 6, 2019 in a Settlement Agreement and Release (Docket No. 94-1) (hereinafter "Agreement") and filed for preliminary approval of the settlement on June 5, 2019. (Docket Nos. 92-94.)

On July 25 and September 10, 2019, this Court entered two orders (Docket Nos. 104, 108) preliminarily approving the Settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the Class, appointing Lee Litigation Group, PLLC as

1

Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (together, the "Preliminary Approval Orders").[1]

On January 7, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the Fair Labor Standards Act ("FLSA") Settlement ("Motion for Final Approval"). (Docket No. 117.) That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). (Docket Nos. 120, 122.) The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on January 22, 2020. At the fairness hearing, the Parties informed the Court that, due to the increase of the size of the Class by seven (7) individuals and pursuant to the terms of the Agreement (¶1.6), the Settlement Amount was increased to $312,352.94. No Class Member filed an opt-out form, appeared at the fairness hearing, or objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Award, and the supporting declarations, the oral argument presented at the January 22, 2020 fairness hearing (including the discussion regarding the increase of the Settlement Amount), the Parties' supplemental submissions dated January 28 and 30, 2020, and the complete record in this matter, for the reasons set forth therein and stated on the record at the January 22, 2020 fairness hearing, and for good cause shown,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Preliminary Approval Orders and the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Orders and in the absence of any objections from Class Members to such certification.

3. Pursuant to 29 § U.S.C. 216(b), the Court approves the Agreement and certifies the Class as a collective under the FLSA.

4. The Court confirms as final the appointment of Plaintiff ELIZABETH RODRIGUEZ as representative of the Class, both under Rule 23 and 29 U.S.C. § 216(b).

5. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Rule 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

6. The Court finds that the Notice given to Class Members pursuant to the Preliminary Approval Orders (*see* Docket No. 108 at ECF pages 8-13), as well as the Supplemental Notice mailed to Class Members on December 20, 2019 (Docket No. 115-1), constituted the best notices practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23, the FLSA, and due process.[2]

---

[2] The Settlement Administrator mailed the Notice to one Class Member, Jose Rodriguez, after the deadline for Class Members to opt out. (Docket No. 129 ¶¶ 4-7.) However, the Settlement Administrator represents that Mr. Rodriguez affirmatively sought inclusion in the Class. *Id.* ¶ 4. The Court is satisfied that Mr. Rodriguez received sufficient notice of, and should be included in, the Settlement. However, the Court would consider the lateness of the Notice mailed to Mr. Rodriguez in the event he makes a late motion to opt out of the Settlement.

7. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the Agreement as set forth therein. The Court finds that the Agreement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Orders. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

8. The Court finds that the Agreement is procedurally fair because it was reached through vigorous, arms-length negotiations and after experienced counsel evaluated the merits of the Class Members' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

9. The Settlement is also substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Therefore, the Court finds that the Settlement is adequate given: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Id.* at 463.

10. The Court also finds that the reaction of the Class to the Settlement was positive. No Class Member objected to the Settlement, and no Class Member opted out.

11. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and

procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

12. The Court hereby grants the Motion for Attorneys' Fees and awards Class Counsel $104,117.65, which is one-third of the $312,352.94 Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

13. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $6,779.43, which are expenses the Court finds were necessarily and reasonably incurred in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

14. The Court approves and finds reasonable the service award for Named Plaintiff ELIZABETH RODRIGUEZ in the amount of $5,000, in recognition of the services she rendered on behalf of the class. This amount shall be paid from the Settlement Fund.

15. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $20,000 from the Settlement Fund.

16. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

17. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability

whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

18.  The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

The Clerk of Court is directed to terminate the motions at Docket Nos. 117, 120, and 122, and to close the case.

It is so ORDERED this 14h day of February, 2020.

_____
Barbara Moses
United States Magistrate Judge